UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NICHOLAS C. DANIELS and | § | |
| ROWENA DANIELS, | § | |
| | § | |
|   Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:14-CV-3129-B |
| | § | |
| FEDERAL HOME LOAN | § | |
| MORTGAGE CORPORATION, | § | |
| | § | |
|   Defendant. | § | |

### MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Federal Home Loan Mortgage Corporation's ("FHLMC") Rule 12(b)(6) Motion to Dismiss Plaintiff's Complaint, filed November 21, 2014. (doc. 15). For the reasons that follow, Defendant's motion is hereby **GRANTED**.

### I.

### BACKGROUND

On February 12, 1990, in order to secure repayment of a home mortgage loan, Plaintiffs Nicholas and Rowena Daniels ("Plaintiffs") executed a Deed of Trust encumbering the real property located at 4009 Crestwood Drive, Carrolton, TX 75007 (the "Property").[1] Def. Exhibit 1 – Deed of Trust. Unfortunately, Plaintiffs subsequently defaulted on their obligations under their note, causing JP Morgan Chase to initiate foreclosure proceedings. The Property was auctioned at a foreclosure sale on May 3, 2011, and sold to FHLMC. See Def. Exhibit 3 – Substitute Trustee's Deed.

---

[1] "In deciding a 12(b)(6) motion to dismiss, a court may permissibly refer to matters of public record." *Cinel v. Connick*, 15 F.3d 1338, 1343 (5th Cir. 1994)

On December 20, 2012, FHLMC filed a forcible detainer action against Plaintiffs in Denton County Justice Court (the "Justice Court") seeking to evict Plaintiffs from the Property. *See* Def. Exhibit 4. On January 14, 2014, the Justice Court entered judgment in favor of FHLMC and awarded it possession of the Property. *See id.* Before a writ of possession could be issued and executed, however, Plaintiffs appealed the judgment to the Denton County Court at Law (the "County Court") for a de novo trial. *See id.*

Thereafter, Plaintiffs filed a wrongful foreclosure action against JP Morgan Chase and FHLMC in the 393rd District Court of Denton County, Texas. *See* Am. Compl. ¶ 9; Def. Exhibit 6. This action was subsequently removed to federal court on February 23, 2013, and eventually dismissed with prejudice on July 16, 2013.[2] *See* Am. Compl. ¶ 9; Def. Exhibit 6.

On August 6, 2014, the County Court proceeded with the trial in FHLMC's forcible detainer action where it found for FHLMC. *See* Am. Compl. ¶ 11; Def. Exhibit 5. A writ of possession for the Property was issued on August 13, 2014, and executed by local law enforcement personnel on or about August 18, 2014.[3] *See* Am. Compl. 4–5; Def. Exhibit 5.

On September 2, 2014, Plaintiffs filed the present action against FHLMC in this Court alleging that the writ of possession issued by the County Court was void and asserting claims for wrongful eviction, trespass and due process violations as a result. Am. Compl. 3–4. By way of relief, Plaintiffs seek $500,000 for property damage allegedly caused by local law enforcement personnel in

---

[2] The Fifth Circuit affirmed the district court's decision to dismiss Plaintiffs' claims with prejudice on June 23, 2014. *See* Def. Exhibit 7.

[3] The Second Court of Appeals of Texas denied Plaintiffs appeal of the County Court's judgment on February 26, 2015. *See* http://www.search.txcourts.gov/Case.aspx?cn=02-14-00263-CV&coa=coa02.

executing the writ of possession, as well as an order relieving them from the County Court's judgment awarding FHLMC possession of the Property.[4] *Id.* at 4–6.

FHLMC moved to dismiss Plaintiff's complaint pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted on November 21, 2014.

## II.

## ANALYSIS

Generally, a Rule 12(b)(6) motion to dismiss requires the Court to review the plaintiff's complaint to determine whether it contains sufficient facts to state a plausible claim for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In this case, however, the Court need not and, in fact, may not review the plausibility of Plaintiffs' claims against FHLMC, because as raised in FHLMC's motion and discussed below, the Court lacks jurisdiction to do so.

Under the *Rooker-Feldman* doctrine, federal district courts are without jurisdiction over "cases brought by state-court losers complaining of injuries cause by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus.*, 544 U.S. 280, 284 (2005). This is because "federal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify final orders of state courts." *Weekly v. Morrow*, 204 F.3d 613, 615 (5th Cir. 2000). Such jurisdiction is vested in the United States Supreme Court alone, and even then, only after the state appellate process has run its course. 28 U.S.C. § 1257.

---

[4] Plaintiffs have separately filed a motion pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure seeking relief from the County Court's judgment awarding possession to FHLMC on the grounds the judgment is void for want of jurisdiction. *See* doc. 10, Plaintiffs' Motion for Relief under Rule 60(b)(4).

As noted above, all of Plaintiffs' claims in this matter are based on the allegation that the writ of possession obtained by FHLMC to evict Plaintiffs was void because the County Court lacked jurisdiction to issue the writ.[5] In order to grant Plaintiffs the relief they seek, therefore, the Court would have to review and reject the County Court's judgment granting possession of the Property to Plaintiffs. This the Court cannot do under *Rooker-Feldman*. Accordingly, Plaintiffs claims must be dismissed.

## III.

## CONCLUSION

For the reasons stated, the Court **GRANTS** FHLMC's Motion to Dismiss and **ORDERS** this action **dismissed with prejudice**.


SO ORDERED.

SIGNED: March 18, 2015.

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE

---

[5] Specifically, Plaintiffs argue the County Court was stripped of its jurisdiction in the forcible detainer action as a result of the removal, on February 26, 2013, of the wrongful foreclosure suit filed by Plaintiffs in the 393rd District Court of Denton County, Texas. Am. Compl. 4–5.